IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

SRIDHAR NUTI,

Plaintiff,

vs.

CARRIE M. SELBY, in her official capacity as Associate Director, Service Center Operations Directorate; MARKWAYNE MULLIN, in his official capacity as Director of Homeland Security; TODD BLANCHE, in his official capacity as Acting Attorney General; and JOSEPH B. EDLOW, in his official capacity as Director of USCIS;

Defendants.

**8:26CV296**

**ORDER TO SHOW CAUSE**

This matter comes before the court after a review of the docket. Plaintiff commenced this action on June 26, 2026. (Filing No. 1). Plaintiff filed a summons return indicating Plaintiff served: 1) Defendant Carrie Selby via FedEx at the USCIS Nebraska Service Center on July 13, 2026; 2) Defendant Markwayne Mullin via FedEx at the United States Department of Homeland Security in Washington, D.C. on July 10, 2026; 3) Defendant Todd Blanche via FedEx at the United States Department of Justice in Washington, D.C. on July 15, 2026; 4) Defendant Joseph Edlow via FedEx at the United States Citizenship and Immigration Services in Camp Springs, MD on July 17, 2026. (Filing No. 27). On September 16, 2026, Plaintiff filed a Motion for Clerk's Entry of Default against all Defendants for failure to plead or otherwise defend against this action in a timely manner. (Filing No. 28). Upon review, the Clerk denied Plaintiff's motion as the record did not reflect proper service of summons and complaint upon Defendants as required by Fed. R. Civ. P. 4(i)(1)(A). (Filing No. 29).

Pursuant to Fed. R. Civ. P. 4(i)(1)(A), "To serve the United States" a party must "deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought." To serve a United States officer or employee sued only in an official capacity, the party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the defendant. *See* Fed. R. Civ. P. 4(i)(2). There is no showing in the record that Plaintiff has properly served the United States by delivering a copy of the summons and complaint to the United States Attorney's Office in this district under Fed. R. Civ. P. 4(i)(1)(A).

Fed. R. Civ. P. 4(m) provides "If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Further, NECivR 41.2 states in relevant part: "At any time, after appropriate notice, a case not being prosecuted with reasonable diligence may be dismissed for lack of prosecution." Plaintiff has taken no action since the Motion for Clerk's Entry was denied on September 18, 2026, and more than 90 days have elapsed since Plaintiff filed the complaint.

Accordingly,

IT IS ORDERED Plaintiff shall have until October 19, 2026, to show cause why this case should not be dismissed for failure to serve Defendants under Fed. R. Civ. P. 4. and for want of prosecution. The failure to timely comply with this order will result in a recommendation that this case be dismissed without further notice.

Dated this 5th day of October, 2026.

BY THE COURT:

s/ Ryan C. Carson

United States Magistrate Judge